UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
RODERICK WOODS, on behalf of himself
and others similarly situated,

               Plaintiff,

   v.

STATES RECOVERY SYSTEMS, INC.

              Defendant.
---------------------------------------------------------------x

**Civil Action No.:** 8:18-CV-996 [FJS/CFH]

**COMPLAINT - - CLASS ACTION**

**JURY TRIAL DEMANDED**

## NATURE OF ACTION

1. This is a class action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, for the benefit of New York consumers who have been the subject of illegal debt collection efforts by States Recovery Systems, Inc. ("Defendant").

2. Congress enacted the FDCPA in 1977 to "eliminate abusive debt collection practices by debt collectors," 15 U.S.C. § 1692(e), and in response to "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which Congress found to have contributed "to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

3. As the Consumer Financial Protection Bureau ("CFPB")—the federal agency tasked with enforcing the FDCPA—explained, "[h]armful debt collection

1

practices remain a significant concern today. In fact, the CFPB receives more consumer complaints about debt collection practices than about any other issue."[1]

4. And over one-third of those complaints received by the CFPB involved debt collectors' attempts to collect debts that consumers did not owe.[2]

## PARTIES

5. Roderick Woods ("Plaintiff") is a natural person who at all relevant times resided in Essex County, New York.

6. Plaintiff is obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

7. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, an overdraft check from his personal bank account at First Technology Federal Credit Union (the "Debt").

8. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

9. Defendant is a receivables management company based in Rancho Cordova, California.

---

[1] *See* Brief for the CFPB as Amicus Curiae, ECF No. 14, p. 2, *Hernandez v. Williams, Zinman, & Parham, P.C.*, No. 14-15672 (9th Cir. Aug. 20, 2014), http://www.ftc.gov/system/files/documents/amicus_briefs/hernandez-v.williams-zinman-parham-p.c./140821briefhernandez1.pdf

[2] *See* Consumer Financial Protection Bureau, *Fair Debt Collection Practices Act— CFPB Annual Report 2018* at 15 (2018), https://s3.amazonaws.com/files.consumerfinance.gov/f/documents/cfpb_fdcpa_annual-report-congress_03-2018.pdf (last accessed August 7, 2018).

10. Defendant is an entity that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect the Debt from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

11. Upon information and belief, at the time Defendant attempted to collect the Debt from Plaintiff, the Debt was in default, or Defendant treated the Debt as if it was in default from the time that Defendant acquired it for collection.

12. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, or to regularly collect or attempt to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

13. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## JURISDICTION AND VENUE

14. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

15. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events or omissions giving rise to the claim occurred in this district.

## FACTUAL ALLEGATIONS

16. On or about August 24, 2017, Defendant sent an initial written communication to Plaintiff in connection with the collection of the Debt.

17. A true and correct copy of the August 24, 2017 written communication is attached as Exhibit A.

18. The August 24, 2017 communication was the first communication Plaintiff received from Defendant in connection with the Debt.

19. Plaintiff did not receive any additional written communications from Defendant within five days of the August 24, 2017 communication.

20. The August 24, 2017 communication advised Plaintiff that the Debt had been placed with Defendant for collection of the balance in full. *Id.*

21. The August 24, 2017 communication advised Plaintiff that the Debt included a principal amount of $448.01, and interest of $19.52, for a total amount of $467.53. *Id.*

## CLASS ACTION ALLEGATIONS

22. Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3) on behalf of a class consisting of:

> All persons (a) with a New York address, (b) to whom States Recovery Systems, Inc., (c) within one year before the date of this complaint, (d) in connection with the collection of a consumer debt, (e) mailed an initial debt collection communication not returned to States Recovery Systems, Inc. as undeliverable, (f) through which States Recovery Systems, Inc. sought to collect prejudgment interest, (g) without having obtained a judgment against such person.

23. The proposed class satisfies Rule 23(a)(1) because, upon information and belief, it is so numerous that joinder of all members is impracticable.

24. The exact number of class members is unknown to Plaintiff at this time and can only be determined through appropriate discovery.

25. The proposed class is ascertainable because it is defined by reference to objective criteria.

26. In addition, and upon information and belief, the names and addresses of all members of the proposed class can be identified in business records maintained by Defendant.

27. The proposed class satisfies Rules 23(a)(2) and 23(a)(3) because Plaintiff's claims are typical of the claims of the members of the class.

28. To be sure, the claims of Plaintiff and all members of the class originate from the same conduct, practice and procedure on the part of Defendant, and Plaintiff possesses the same interests and has suffered the same injuries as each member of the proposed class.

29. Plaintiff satisfies Rule 23(a)(4) because he will fairly and adequately protect the interests of the members of the class and has retained counsel experienced and competent in class action litigation.

30. Plaintiff has no interests that are irrevocably contrary to or in conflict with the members of the class that he seeks to represent.

31. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.

32. Furthermore, as the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the class to individually redress the wrongs done to them.

33. There will be no unordinary difficulty in the management of this action as a class action.

34. Issues of law and fact common to the members of the class predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the class.

35. Among the issues of law and fact common to the class are:

   a. Defendant's violations of the FDCPA as alleged herein;

   b. Whether Defendant is a debt collector as defined by the FDCPA;

   c. the availability of statutory penalties; and

   d. the availability of attorneys' fees and costs.

### COUNT I: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692e

36. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 35.

37. The FDCPA at 15 U.S.C. § 1692e provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

38. The $19.52 in interest that Defendant demanded was not expressly authorized by the agreement creating the Debt or permitted by law. *See, e.g.*, *Altieri v. Overton, Russell, Doerr, and Donovan, LLP*, 281 F.Supp.3d 254, 265 (N.D.N.Y. 2017) (noting that prejudgment interest under N.Y. C.P.L.R. § 5001 cannot be assessed unless and until a civil action is commenced); *Cruz v. Credit Control Services, Inc.*, No. 217CV1994ADSGRB, 2017 WL 5195225, at *5 (E.D.N.Y. Nov. 8, 2017) ("Any request for pre-judgment interest must be made to a court. Such an award by a court would be for

an uncertain sum as at the time the Letter was sent; no request was made nor was any calculation of such an award attempted.").

39. Moreover, First Technology Federal Credit Union sent Plaintiff statements, including on March 31, 2018, showing that he owed $448.01, without referencing any amount of interest being owed.

40. By demanding interest when it was not entitled to collect interest, Defendant used a false, deceptive, and misleading representation in connection with the collection of the Debt, in violation 15 U.S.C. § 1692e.

41. The harm suffered by Plaintiff is particularized in that the violative conduct at issue was directed to him personally and regarded his personal alleged debt.

42. Likewise, Defendant's actions created a real risk of harm in that they constituted a debt collection practice that Congress prohibited because such practice is likely to mislead consumers, causing them to pay money they do not owe. *See, e.g., Zirogiannis v. Seterus, Inc.*, No. 17-140-cv, 2017 WL 4005008, at *2 (2d Cir. Sep. 12, 2017) (concluding "that the specific procedural violation alleged in the amended complaint presents a material risk of harm to the underlying concrete interest Congress sought to protect with the FDCPA").

### COUNT II: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692f(1)

43. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 35.

44. The FDCPA at 15 U.S.C. § 1692f(1) provides:

7

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> \*       \*       \*
>
> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

45.     The $19.52 in interest that Defendant demanded was not expressly authorized by the agreement creating the Debt or permitted by law. *See, e.g.*, *Altieri*, 281 F.Supp.3d at 265; *Cruz*, 2017 WL 5195225, at *5.

46.     Moreover, First Technology Federal Credit Union sent Plaintiff statements, including on March 31, 2018, showing that he owed $448.01, without refencing any amount of interest being owed.

47.     As a result, Defendant violated 15 U.S.C. § 1692f(1).

48.     The harm suffered by Plaintiff is particularized in that the violative conduct at issue was directed to her personally and regarded her personal alleged debt.

49.     Likewise, Defendant's actions created a real risk of harm in that they constituted a debt collection practice that Congress prohibited because such practice is likely to mislead consumers, causing them to pay money they do not owe. *See, e.g., Zirogiannis*, 2017 WL 4005008, at *2.

## TRIAL BY JURY

Plaintiff is entitled to and hereby demands a trial by jury.

WHEREFORE, Plaintiff respectfully requests relief and judgment as follows:

     a.     Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

     b.     Adjudging and declaring that Defendant violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692f(1);

     c.     Awarding Plaintiff and members of the class statutory damages pursuant to 15 U.S.C. § 1692k;

     d.     Awarding members of the class any actual damages incurred, as applicable, pursuant to 15 U.S.C. § 1692k;

     e.     Awarding Plaintiff and members of the class their reasonable costs and attorneys' fees incurred in this action, including expert fees, pursuant to 15 U.S.C. § 1692k and Rule 23 of the Federal Rules of Civil Procedure;

     f.     Awarding Plaintiff and members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

     g.     Awarding other and further relief as the Court may deem just and proper.

Dated: August 20, 2018

Respectfully submitted,

/s/ *James L. Davidson*
James L. Davidson
Greenwald Davidson Radbil PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33431
Tel: (561) 826-5477
Fax: (561) 961-5684
jdavidson@gdrlawfirm.com

Counsel for Plaintiff and the proposed class